UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARK EDGINGTON, Pro Se ) <br> ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> SCOTT BAILEY (in his official capacity ) <br>     as Special Agent of the FBI), ) <br> ) <br>     Defendant ) | Case No: _____ |

MOTION FOR EQUITABLE RELIEF UNDER RULE 41(g)

(1) Come now the plaintiff, MARK EDGINGTON, appearing pro se and doing business at 73 Leverett St. in Keene, New Hampshire, and does bring this motion for equitable relief under the Federal Rules of Criminal Procedure Rule 41(g) against the following defendant:

(2) Special Agent SCOTT BAILEY, in his official capacity as Special Agent of the Federal Bureau of Investigation, at 201 Maple Street in Chelsea, Massachusetts.

(3) On March 20, 2016, the defendant did unlawfully search and seize property belonging to the plaintiff from his place of business at 73 Leverett Street in Keene, New Hampshire (hereinafter called "plaintiff's property").

## JURISDICTION OF THE COURT

(4) Rule 41(g) of the Federal Rules of Criminal Procedure states:

> *Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.*

As the unlawful seizure occurred in New Hampshire, the court has jurisdiction over this matter under Rule 41(g) of the Federal Rules of Criminal Procedure. The plaintiff is actively being denied the use of the seized equipment by the defendant and thus has standing to sue.

## CASE SUMMARY

(5) On or about February 20, 2015, the defendant shut down a child pornography website named "Playpen" and obtained a search warrant (warrant number 1:15-SW-89, signed by Magistrate Judge Theresa Buchanan in the Eastern District of Virginia) to deploy a network investigative technique ("NIT") to reveal the IP addresses of computers attempting to access the "Playpen" website in violation of 18 USC 2252. According to the defendant in a subsequent search warrant affidavit, one of those IP addresses traced back to 73 Leverett Street in Keene, New Hampshire.

(6) On March 20, 2016, the defendant executed search warrant 16-MJ-36-01-06, signed by Magistrate Judge Daniel Lynch, against the plaintiff at 73 Leverett Street. With the exception of property that was seized belonging to TRAVIS JARED PARK, all the property seized by the defendant was used or owned by the plaintiff. TRAVIS JARED PARK filed a

separate lawsuit against this defendant (N.H. District Case No. 1:19-CV-991-LM, *Travis Jared Park, Pro Se v. Scott Bailey et al.*) and the plaintiff settled by getting his property returned to him in that case. The plaintiff seeks a similar resolution to this case by securing the return of all remaining property in the defendant's possession from this search and seizure action.

## LEGAL ANALYSIS

(7) The defendant's search warrant violates Rule 41(b) of the Federal Rules of Criminal Procedure. Under the law in effect at the time the defendant applied for his search warrant, federal magistrate judges could not authorize searches outside their territorial jurisdiction. Rule 41(b) was changed on December 1, 2016, to specifically allow magistrate judges to authorize this type of search. Magistrate Judge Buchanan exceeded her lawful authority over the Eastern District of Virginia on February 20, 2015 under Rule 41(b) by issuing a search warrant for a computer located in New Hampshire. Without a valid search warrant, the defendant's actions constitute an unlawful search and seizure of the plaintiff's property under the 4th Amendment.

(8) Even if the defendant's warrant were valid under Rule 41(b), there is still the issue of the plaintiff's 6th Amendment right to confront his accuser. The NIT exploit that was used in this investigation is classified national defense information and is being used in ongoing national counterintelligence and counterterrorism activities. As such, the NIT that was used in this case cannot be revealed in open court. That is fine, but that violates the confrontation clause of the 6th Amendment. The inability of the defendant to comply with judicial discovery regarding the NIT has resulted in dismissal of all charges in criminal cases such as *United States v. Jay*

*Michaud* (W.D. Washington Case 3:15-CR-05351).  See the article *"FBI Drops All Charges in Child Porn Case to Keep Sketchy Spying Methods Secret"* (*Gizmodo*, Michael Nunez, March 6, 2017).

(9) Lastly, the plaintiff raises a speedy trial claim against the defendant in the return of his property.  For over five years, the defendant has retained the plaintiff's property and made no movement to advance this case in any way.  The items seized are still sitting down in the evidence locker collecting dust with their evidence seals intact.  The defendant's continued refusal to return the plaintiff's property is done solely to harass the plaintiff and not to further any legitimate law enforcement objective.  The plaintiff respectfully submits to the court that it is unreasonable to keep evidence and deprive an innocent owner of its use for over five years without any evidence the property was used in a crime.

RELIEF SOUGHT

The plaintiff seeks relief from this court in the form of a judicial order declaring the defendant's search warrant to be technically defective under Rule 41(b) of the Federal Rules of Criminal Procedure, ordering the return of the plaintiff's unlawfully seized property to 73 Leverett Street in Keene, New Hampshire, and the turning over to the plaintiff all forensic copies and forensic analysis that may have been made of the plaintiff's property by the defendant.  Considering the defendant's actions in this case required the filing of this lawsuit, the plaintiff also seeks reimbursement of court costs from the defendant.  Lastly, the plaintiff seeks a non-apology letter from the SAC of the FBI Boston Field office saying something like "On March 20, 2016, Special Agents seized property belonging to you as part of an ongoing federal investigation.  This investigation has been closed and your property is being returned to you.  We

appreciate your cooperation and regret any inconvenience this may have caused you. Sincerely, <SAC Signature>" Considering the defendant's actions caused tens-of-thousands of dollars in damage to the plaintiff in lost sponsorships, lost advertising, replacement equipment costs, etc. by raiding the plaintiff's place of business, I figure a non-apology apology letter was the least the FBI could do considering how badly the defendant screwed this case up.

Signed,

Mark Edgington, Pro Se
73 Leverett Street
Keene, NH 03431
mark@freetalklive.com
(603) 513-2228