UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| MARK EDGINGTON, Pro Se, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 1:21-cv-00537-LM |
| | ) | |
| SCOTT BAILEY (in his official capacity as | ) | |
| Special Agent of the FBI), | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

INTRODUCTION

The defendant, Scott Bailey, in his official capacity as a Special Agent of the Federal Bureau of Investigation ("FBI"), moves to dismiss the complaint in this action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, because it does not satisfy the Supreme Court's requirement that a plaintiff allege sufficient facts to state a plausible claim. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007).

EDGINGTON'S ALLEGATIONS

Pro se Plaintiff Mark Edgington filed this action seeking equitable relief under Fed. R. Crim. P. 41(g). Document Number (DN) 1. The complaint relates to a March 20, 2016, search of a property located at 73 Leverett Street in Keene, New Hampshire (the "Property"), and seizure of items from the Property. *Id.* In his complaint, Plaintiff alleges that the Property was searched and seized from his alleged place of business. *Id.* He additionally alleges that, with the exception of items seized that belonged to an individual named Travis Jared Park, "all the property seized by the defendant was used or owned by the plaintiff." *Id.,* ¶ 6. Alleging that the

warrant pursuant to which the Property was searched was defective, Edgington now seeks an

order from this Court instructing Defendant to return all seized items to the Property and to

return forensic copies of all seized items to him.

ARGUMENT

I.     A COMPLAINT MUST ALLEGE SPECIFIC FACTS AND NOT JUST
       LABELS, CONCLUSIONS, AND FORMULAIC RECITATIONS OF
       LEGAL ELEMENTS.

In *Iqbal*, the Supreme Court reaffirmed and expanded the holding of *Twombly* that a

pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action'" is insufficient to state a claim, because stating a claim for relief "demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 677 (quoting

*Twombly,* 550 U.S. at 555).  The Court made clear that "naked assertion[s]" of illegal conduct

devoid of "further factual enhancement" do not suffice.  *Id.* (quoting *Twombly,* 550 U.S. at 557).

Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Id.* (quoting *Twombly,* 550 U.S. at 570).[1]

In ruling on whether a complaint plausibly states a claim for relief, a court must begin

"by identifying pleadings that, because they are mere conclusions, are not entitled to the

assumption of truth."  *Iqbal,* 556 U.S. at 665.  After disregarding those allegations, the court

should assume the truth of the remaining, well-pleaded allegations, but it must then make a

second determination:  whether those remaining allegations "plausibly give rise to an entitlement

to relief."  *Id.*  If "the well-pleaded facts do not permit the court to infer more than the mere

---

[1] *Twombly* held that the deficient claim should be dismissed.  550 U.S. at 570.  *Iqbal* reversed the circuit court's denial of the defendant's motion to dismiss, with instructions to the circuit to consider whether the case should be remanded to the district court so that the plaintiff could seek to amend his complaint.  556 U.S. at 687.

possibility of misconduct," then the plausibility standard is not satisfied, because the "complaint

has alleged – but it has not show[n] – that the pleader is entitled to relief." *Id.* at 679 (quoting

Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted).  Those judgments are "context-

specific" and require "the reviewing court to draw on its judicial experience and common sense."

*Id.*

>   II.   THE COMPLAINT IS DEVOID OF SUFFICIENT FACTS TO ESTABLISH
>         PLAINTIFF'S RIGHT TO RETURN OF THE SEIZED ITEMS.

Fed. R. Crim. P. 41(g) sets forth the procedure by which an individual may make a

motion for the return of illegally seized property.  Specifically, the Rule states as follows:

> A person aggrieved by an unlawful search and seizure of property
> or by the deprivation of property may move for the property's return.
> The motion must be filed in the district where the property was
> seized.  The court must receive evidence on any factual issue
> necessary to decide the motion.  If it grants the motion, the court
> must return the property to the movant, but may impose reasonable
> conditions to protect access to the property and use it in later
> proceedings.

Fed. R. Crim. P. 41(g).  When a Rule 41(g) motion is filed after the conclusion of criminal

proceedings, the motion is treated as a civil proceeding for equitable relief.  *Perez-Colon v.

Camacho,* 206 F. App'x 1, 2 (1st Cir. 2006).

"[A] Rule 41(g) motion is properly denied if the defendant is not entitled to lawful

possession of the seized property, the property is contraband or subject to forfeiture, or the

government's need for the property as evidence continues."  *United States v. Uribe-Londono,*

238 F. App'x 628, 629-30 (1st Cir. 2007) (quoting *United States v. Pierre,* 484 F.3d 75, 87 (1st

Cir. 2007) (internal citations, quotations and alterations omitted)).  "If a motion for return of

property is made while a criminal prosecution is pending, the burden is on the movant to show

that he or she is entitled to the property ….  The burden shifts to the government when the

criminal proceedings have terminated.  At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Chambers,* 192 F.3d 374, 377-78 (3d Cir. 1999) (internal citations omitted).  The government may meet its burden by, among other things, showing "a cognizable claim of ownership or right to possession adverse to that of the movant." *Perez-Colon,* 206 F. App'x at 3 (citing *Chambers,* 192 F.3d at 377).  "Property will not be returned if the defendant is not entitled to possession …." *United States v. Hervis,* No. 06-CR-208-JD, 2010 WL 731028, at *1 (D.N.H. Feb. 23, 2010) (citing *United States v. Cardona-Sandoval,* 518 F.3d 13, 15 (1st Cir. 2008)).

Notwithstanding the fact that the government bears the burden to establish a legitimate reason to retain property after the conclusion of a criminal proceeding, "this burden-shifting rule does not excuse the defendant from showing as a preliminary matter that the property in question was in fact his to begin with." *Ferreira v. United States,* 354 F. Supp. 2d 406, 411 n.1 (S.D.N.Y. 2005).  In denying relief to a plaintiff seeking return of currency seized from his mother's residence, the Southern District of Alabama held that the plaintiff "made no showing whatsoever that he has a possessory interest in the currency, and a bare conclusory *ipse dixit* to that effect in the motion is inadequate." *United States v. Brown,* Cr. No. 13-0235, 2014 WL 11381105, at *2 (S.D. Ala. Nov. 19, 2014).  In a similar ruling, the Middle District of Florida ruled as follows:

> To prevail on a Rule 41(g) claim, a movant must first demonstrate that he is entitled to the property, which requires a showing that the movant has a possessory interest in the property. … Even construing [plaintiff's] motion liberally [because he was proceeding *pro se*] it is unclear precisely as to which items he alleges a possessory interest.  Where a motion for return of property filed by a *pro se* litigant fails to specify what property he seeks, the district court should permit the litigant an opportunity to clarify in which property he believes he retains an interest before denying him relief.

4

*Matter of Search of Clubhouse Compound of Outlaws Motorcycle Club, located at 9371 Holland Street, Jacksonville, Duval Cty., Fla.,* No. 3:06-MJ-1099, 2016 WL 11121072, at *2 (M.D. Fla. April 7, 2016).

Here, the complaint's threadbare allegations do not factually support Plaintiff's right to the return of the seized items. Specifically, Plaintiff's complaint fails to clearly allege – let alone plead facts to support – his ownership or possessory interest in the specific items seized from the Property. Instead, the complaint alleges, with no supporting evidence, that "all" of the items seized from the Property, which Plaintiff alleges was his place of business, were "used or owned" by him. DN 1, ¶ 6. Without more, this is a conclusion and does not satisfy the plausibility standard. The complaint also fails to identify with any specificity or particularity the items that Plaintiff is seeking to have returned, other than to generically refer to "all" of the property seized. As such, it is presently impossible for Defendant or this Court to determine whether Plaintiff may have a viable and cognizable interest in any of the seized items. Finally, the fact that the complaint states that the items were "used or owned" by Plaintiff necessarily indicates that not all of the seized items belonged to him, and that some may in fact have belonged to other individuals and Plaintiff may have simply used those items from time to time. Without more, this is not enough to sufficiently establish an ownership or possessory interest in the seized items, and this Court should therefore dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff has failed to state a claim upon which relief may be granted. Or, in the alternative, the Court should order Plaintiff to amend the complaint to allege with more particularity which specific items he is seeking from Defendant, and to establish his ownership of or possessory interest in the items he seeks to have returned.

CONCLUSION

The Court should dismiss the complaint because it does not contain sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face."  Alternatively, the

Court should order Plaintiff to amend the complaint.

Respectfully submitted,

JOHN J. FARLEY
Acting United States Attorney


By:  /s/ Michael McCormack
Michael McCormack
Assistant U.S. Attorney, NH Bar No. 16470
United States Attorney's Office
53 Pleasant Street
Concord, NH  03301
(603) 225-1552
Dated:  November 9, 2021                    michael.mccormack2@usdoj.gov