UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Mark Edgington

      v.                                              Civil No. 21-cv-537-LM

Scott Bailey, in his official capacity
as Special Agent of the FBI


**O R D E R**

Pro se plaintiff Mark Edgington has filed a "Motion for Equitable Relief Under Rule 41(g)" seeking return of property that was allegedly seized pursuant to a search warrant.  Doc. no. 1.  Although Federal Rule of Criminal Procedure 41(g) is a criminal rule, such motions are treated as civil complaints for equitable relief. United States v. Uribe-Londono, 238 Fed. Appx. 628, 630 (1st Cir. 2007).

Edgington alleges that on March 20, 2016, Defendant Scott Bailey—in his official capacity as a Special Agent of the FBI—executed a search warrant for 73 Leverett Street in Keene, New Hampshire.  Edgington states that "[w]ith the exception of property that was seized belonging to TRAVIS JARED PARK, all the property seized by [Bailey] was used or owned by [Edgington]."  Doc. no. 1. at 2.

Bailey now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  Doc. no. 5.  Bailey asserts that the complaint fails to allege sufficient facts to state a plausible claim.  See Ashcroft v. Iqbal, 556 U.S. 663 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007).  In the alternative, Bailey asks

the court to order Edgington to file an amended complaint.  Edgington filed no

opposition to Bailey's motion to dismiss.

When a complainant seeks equitable relief for return of property under

Federal Rule of Criminal Procedure 41(g), the burden of proof depends on when the

motion is filed.  Wright & Miller, Fed. Prac. & Proc. Crim. § 690 n.7 (4th ed.).  If the

motion is filed before any criminal indictment, the burden is on the complainant.

Id.  If, on the other hand, the property is no longer needed for evidentiary purposes,

the complainant is presumed to have the right to the property's return, and the

burden shifts to the government.  Id.  This burden-shifting framework, however,

"does not excuse the [complainant] from showing as a preliminary matter that the

property in question was in fact his to begin with."  Ferreira v. United States, 354 F.

Supp. 2d 406, 411 n.1 (S.D.N.Y. 2005).

Because Edgington is proceeding pro se, his complaint is construed liberally.

Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Even so, it is unclear exactly what

items he claims to have a possessory interest in.  His complaint refers only to "all"

of the property seized.  Because Edgington fails to identify what items he refers to

with any specificity, neither Bailey nor this court is able to determine what the

property is, and whether Edgington has an interest in it.  In fairness to Edgington,

however, the court grants him time to file an amended complaint describing the

items he seeks to have returned, as well as alleging what his property interest in

these items is.  See Fed. R. Civ. P. 15(a)(2) (court may freely give leave to amend

when justice so requires); see also Matter of Search of Clubhouse Compound of

2

<u>Outlaws Motorcycle Club, located at 9371 Holland Street, Jacksonville, Duval Cty.,</u>

<u>Fla.</u>, No. 3:06-MJ-1099, 2016 WL 11121072, at *2 (M.D. Fla. April 7, 2016)

(affording pro se plaintiff opportunity to amend Rule 41(g) motion for equitable

relief where "it is unclear precisely as to which items he alleges a possessory

interest"); <u>United States v. Connolly</u>, 446 Fed. Appx. 254, 256 (11th Cir. 2011)

(remanding with instructions to permit plaintiff to "re-file a Rule 41(g) motion that

clarifies the property in which he believes he continues to retain an interest").

In short, Edgington's Rule 41(g) motion, as presented, fails to state a claim

upon which relief can be granted.  Based on Edgington's pleading, neither the court

nor Bailey can determine what property Edgington seeks to have returned.  In

fairness to Edgington—who is proceeding pro se—the court grants him until

January 7, 2022 to file an amended complaint.  If Edgington fails to file an amended

complaint by that date, the court will dismiss his suit for failure to state a claim for

relief.  <u>See</u> Fed. R. Civ. P. 12(b)(6).[1]

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 13, 2021
cc:  Mark Edgington, pro se
      Counsel of Record

---

[1] Doc. no. 2, which is identical to doc. no. 1 but was entered on the docket as a motion rather than a complaint, is denied as moot in light of this order.  <u>See</u> <u>Uribe-Londono</u>, 238 Fed. Appx. at 630 (Rule 41(g) motions are treated as civil complaints for equitable relief).