DISTRICT OF NH
FILED

UNITED STATES DISTRICT COURT
2022 JAN -6  P 2: 20
DISTRICT OF NEW HAMPSHIRE

DEPOSITORY

MARK EDGINGTON, Pro Se            )
                                  )
      Plaintiff                 )
                                  )
v.                                )     Case No: 1:21-cv-00537-LM
                                  )
SCOTT BAILEY (in his official capacity )
as Special Agent of the FBI),     )
                                  )
      Defendant                 )


## AMENDED MOTION FOR EQUITABLE RELIEF UNDER RULE 41(g)

    1.  Come now the plaintiff, MARK EDGINGTON, appearing pro se and doing business at 73 Leverett St. in Keene, New Hampshire, and does bring this amended motion for equitable relief under the Federal Rules of Criminal Procedure Rule 41(g) against the following defendant:

    2.  Special Agent SCOTT BAILEY, in his official capacity as Special Agent of the Federal Bureau of Investigation, at 201 Maple Street in Chelsea, Massachusetts.

    3.  On March 20, 2016, the defendant did unlawfully search and seize property belonging to the plaintiff from his place of business at 73 Leverett Street in Keene, New Hampshire (hereinafter called "plaintiff's property").  Specifically, the plaintiff seeks the return of the property taken from the broadcast studio room, described as the southernmost room at

ground level at 73 Leverett Street.  The broadcast studio can be identified by the defendant as the room to the left of the stairs after entering through the front door.


### JURISDICTION OF THE COURT AND STANDING TO FILE A CLAIM

4. Rule 41(g) of the Federal Rules of Criminal Procedure states:

> *Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.*

As the unlawful seizure occurred in New Hampshire, the court has jurisdiction over this matter under Rule 41(g) of the Federal Rules of Criminal Procedure.


5. No criminal charges have been initiated by the defendant as a result of this seizure. Consequently, the burden of proof is on the plaintiff to show standing to file a claim to the seized property.  The plaintiff seeks the return of the property seized from the broadcast studio.  The defendant provided Form FD-597 (Receipt for Property Seized) to the plaintiff at the conclusion of the seizure action on March 20, 2016.  Unfortunately, Form FD-597 is only a list of all the property seized from 73 Leverett St. and does not indicate what room the property was taken from and is insufficient to identify which individual property items are subject to return.  The defendant should have in his possession another form which identifies each room and the specific property taken from each room.  With the assistance of opposing counsel providing this

form to the plaintiff, the plaintiff can use said form to identify with particularity what items from the broadcast studio room are subject to return under this motion.

6.  The plaintiff regularly used the equipment seized from the broadcast studio room at 73 Leverett St. on at least a weekly basis to produce a live radio show called *Free Talk Live*.  The show has a regular rotating cast of hosts and commentators, and the plaintiff regularly serves as host or co-host depending on the rotation schedule.  The plaintiff's last use of the computers, hard drives, cameras, and storage media seized from the broadcast studio room was on March 19, 2016 from 1900 to 2200 hours Eastern Standard Time (EST) – the night before the raid on March 20, 2016.  The plaintiff live-streamed the event to YouTube and the episode can be seen at the following URL:

>  https://youtu.be/bEGGutyFFEw

>  Free Talk Live 2016-03-19

The video shows the plaintiff using the equipment in the broadcast studio room in a normal, regular manner and hopefully establishes to the court's satisfaction that the plaintiff does have standing to file a claim against the property seized from the broadcast studio room.


CASE SUMMARY

7.  On or about February 20, 2015, the defendant shut down a child pornography website named "Playpen" and obtained a search warrant (warrant number 1:15-SW-89, signed by Magistrate Judge Theresa Buchanan in the Eastern District of Virginia) to deploy a network investigative technique ("NIT") to reveal the IP addresses of computers attempting to access the

"Playpen" website in violation of 18 USC 2252.  According to the defendant in a subsequent search warrant affidavit, one of those IP addresses traced back to 73 Leverett Street in Keene, New Hampshire.

8. On March 20, 2016, the defendant executed search warrant 16-MJ-36-01-06, signed by Magistrate Judge Daniel Lynch, against the plaintiff at 73 Leverett Street beginning at 0600 hours.  The plaintiff arrived at 73 Leverett St. at a later time in the morning and was denied entry to the property until the conclusion of the defendant's search and seizure action.  TRAVIS JARED PARK filed a separate lawsuit against this defendant (Case No. 1:19-CV-991-LM, *Travis Jared Park, Pro Se v. Scott Bailey et al.*) and settled by getting his property returned via a settlement agreement with the defendant.  The plaintiff seeks a similar resolution to this case by securing the return of the property identified as being used by the plaintiff from the broadcast studio room.

9. On October 27, 2017, the First Circuit Court of Appeals ruled in *USA v. Levin* (874 F.3d 316, 1st Cir. 2017, No. 16-1567) that warrants of the type obtained by the defendant in this case violated Rule 41(b) of the Federal Rules of Criminal procedure and were technically defective.  However, the appeals court found that the *Leon* "good-faith" exception existed in *Levin* and suppression of evidence by the trial court should be denied.  The issue in *Levin* is the same issue in this case: Did magistrate judges have the authority to issue a search warrant for a computer outside their territory of jurisdiction?  Under the law in effect at the time the defendant applied for this search warrant, federal magistrate judges could not authorize searches outside their territorial jurisdiction.  Rule 41(b) was changed on December 1, 2016, to specifically allow

magistrate judges to authorize this type of search.  Magistrate Judge Buchanan exceeded her lawful authority over the Eastern District of Virginia on February 20, 2015 under Rule 41(b) by issuing a search warrant for a computer located in New Hampshire.  *Leon* does not apply in this case because there is no evidence to suppress.  Under the *Levin* decision, it appears to the plaintiff that the defendant's warrant is technically defective.  Without a valid search warrant, the defendant's actions constitute an unlawful search and seizure of the plaintiff's property under the 4th Amendment.

10.  On June 21, 2021, the plaintiff commenced this civil action for equitable relief.  The court has found the original petition deficient and lacking specificity with regard to standing and what items the plaintiff is seeking to have returned.  The court has granted leave to file this amended petition prior to January 7, 2022.  Hopefully, the plaintiff's petition now alleges what items the plaintiff is seeking to have returned with enough specificity to allow opposing counsel to identify potential items to be returned and that there exists enough credible, verifiable evidence that the plaintiff is entitled to have his property from the broadcast studio room returned.

## LEGAL ANALYSIS

11.  The defendant's search warrant violates Rule 41(b) of the Federal Rules of Criminal Procedure as described previously in paragraph 9.  If the plaintiff has read the *Levin* decision correctly, the defendant's warrant in this case is technically deficient and the seized property from the broadcast studio room should never have been taken in the first place.

12. Even if the defendant's warrant were valid under Rule 41(b), there is still the issue of the plaintiff's 6th Amendment right to confront his accuser. The NIT exploit that was used in this investigation is apparently classified national defense information and is being used in ongoing national counter-intelligence and counter-terrorism activities. As such, the NIT that was used in this case cannot be revealed in open court. The inability of the government to comply with judicial discovery regarding the NIT has resulted in dismissal of all charges in criminal cases such as *United States v. Jay Michaud* (W.D. Washington Case 3:15-CR-05351). See the article *"FBI Drops All Charges in Child Porn Case to Keep Sketchy Spying Methods Secret"* (*Gizmodo*, Michael Nunez, March 6, 2017).

13. Lastly, the plaintiff raises a speedy trial claim against the defendant in the return of his property. For over five years, the defendant has retained the plaintiff's property and made no movement to advance this case in any way. The items seized are still sitting down in the evidence locker collecting dust with their evidence seals intact. The plaintiff respectfully submits to the court that it is unreasonable to keep evidence and deprive an innocent owner of its use for over five years without any attempt to resolve the case by searching the seized items, determining if they contain evidence of a crime, and then returning the property if no evidence of a crime is found.

## RELIEF SOUGHT

14. The plaintiff seeks relief from this court in the form of a judicial order declaring the defendant's search warrant to be technically defective under Rule 41(b) of the Federal Rules of

Criminal Procedure, ordering the return of the plaintiff's property from the downstairs broadcast studio room to 73 Leverett Street in Keene, New Hampshire, and the turning over to the plaintiff all forensic copies and forensic analysis that may have been made of the plaintiff's property by the defendant.  Considering the defendant's actions in this case required the filing of this lawsuit, the plaintiff also seeks reimbursement of the court filing fee from the defendant in the amount of $402.  Lastly, the plaintiff seeks a "closure" letter from the defendant.  The defendant's actions caused tens-of-thousands of dollars in damage to the plaintiff in lost sponsorships, advertising, replaced equipment, etc.  A closure letter need not admit any guilt or fault on the part of the plaintiff.  Something along the lines of "On March 20, 2016, our agents seized your property. This investigation is now terminated and your property is being returned to you.  Thank you for your cooperation" will suffice.


Signed,


Mark Edgington, Pro Se
73 Leverett Street
Keene, NH  03431
mark@freetalklive.com
(603) 513-2228


## CERTIFICATE OF SERVICE

I certify that on this 6th day of January, 2022, a copy of the foregoing Amended Motion was served via e-mail to AUSA Michael McCormack at his email address michael.mccormack2@usdoj.gov.


Mark Edgington, Pro Se

24 HOUR DEPOSITORY

2022 JAN -6 P 2:21

FILED
DISTRICT OF NH