UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARK EDGINGTON, pro se, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 21-cv-00527-LM |
| ) | |
| SCOTT BAILEY (in his official capacity as ) | |
| Special Agent of the FBI), ) | |
| ) | |
| Defendant. ) | |
| ) | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

The defendant, Scott Bailey, in his official capacity as Special Agent of the Federal Bureau of Investigation ("FBI"), moves to dismiss the amended complaint in this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, because it still does not satisfy the Supreme Court's requirement that a plaintiff allege sufficient facts to state a plausible claim. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007).

THIS COURT'S ORDER ON DEFENDANT'S INITIAL MOTION TO DISMISS

As the Court is aware, this action relates to a March 20, 2016, search of a property located at 73 Leverett Street in Keene, New Hampshire (the "Property"), and seizure of items from the property. On December 13, 2021, this Court issued an Order on Defendant's motion to dismiss Plaintiff's complaint, in which it stated that the original complaint failed to state a claim upon which relief could be granted. Document Number (DN) 6. Specifically, the Court agreed with the Defendant that, as drafted, the initial complaint left it unclear exactly what items Plaintiff claimed to have a possessory interest in. *Id.* Because the initial complaint simply sought return of "all" of the items seized, the Court stated that it was not able to determine what

the property is, and whether Plaintiff has any ownership interest in it.  *Id.*  However, in fairness to Plaintiff, who is proceeding in this action pro se, the Court granted him leave to file an amended complaint.  *Id.*

In granting Plaintiff leave to amend the complaint, the Court instructed him as to exactly what the amended complaint should contain.  Specifically, the Court's Order gave Plaintiff the opportunity to "file an amended complaint describing the items he seeks to have returned, as well as alleging what his property interest in these items is."  *Id.*   However, despite this clear guidance from the Court, Plaintiff's amended complaint neither specifically identifies the items he seeks to have returned to him, nor alleges any property interest in the seized items whatsoever.  *See* DN 7.  As a result, the amended complaint suffers the same fatal flaw as the initial complaint – it fails to state a claim upon which relief may be granted.  Therefore, the Court should dismiss the amended complaint.

## THE AMENDED COMPLAINT STILL LACKS SUFFICIENT FACTS TO ESTABLISH PLAINTIFF'S RIGHT TO RETURN OF THE SEIZED ITEMS

A pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient to state a claim, because stating a claim for relief "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 667 (quoting *Twombly,* 550 U.S. at 555).  The Supreme Court in *Iqbal* made it clear that "naked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice.  *Id.* (quoting *Twombly,* 550 U.S. at 557).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).  Plaintiff's amended complaint continues to fail to state a plausible claim for relief.  Therefore, this Court should dismiss the amended complaint.

Fed. R. Crim. P. 41(g) sets forth the procedure by which an individual may make a motion for the return of illegally seized property, and states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and use it in later proceedings.

Fed. R. Crim. P. 41(g). Evidentiary hearings on motions under Federal Rule 41(g) are not granted as a matter of course, and are only required when a claimant alleges facts, sufficiently definite, specific, detailed, and nonconjectural, to enable a court to conclude that a substantial claim is presented. *United States v. Dean,* 100 F.3d 19, 21 (5th Cir. 1996) (considering former Rule 41(e)); *United States v. Clifford,* 297 F. Supp. 2d 308, 310 (D. Me. 2003); *see also United States v. Migely,* 596 F.2d 511, 513 (1st Cir. 1979) (citing *Cohen v. United States,* 378 F.2d 751, 761 (9th Cir. 1967)).

## THE AMENDED COMPLAINT STILL FAILS TO IDENTIFY THE ITEMS PLAINTIFF SEEKS TO HAVE RETURNED TO HIM WITH ANY SPECIFICITY

In the amended complaint, as he did in the original complaint, Plaintiff alleges that the Property searched by the FBI was his place of business. DN 7, ¶ 3. He provides slightly more detail in the amended complaint regarding the layout of the Property, including the location of the "broadcast studio." *Id.* Beyond the more detailed description of the Property, however, Plaintiff still fails to identify what specific items belong to him that he is seeking to have returned, other than to state he wants all items returned to him that were seized from within the broadcast studio. This Court's December 13, 2021, Order, DN 6, instructed Plaintiff to specifically describe the items he seeks to have returned, but he has again failed to do so.

Plaintiff admits in the amended complaint that he has in his possession a list of all items seized from the Property on March 20, 2016, yet he fails to identify even a single item on that list that he wants returned to him. DN 7. Instead, he alleges, without support, that undersigned counsel should provide him with an additional list identifying from which room within the Property specific items were seized so that he can then identify the items he wants returned to him. *Id.* Plaintiff has failed in the amended complaint to provide what the Court asked him to provide – a specific description of the items he wants returned. The amended complaint therefore continues to fail to state a claim upon which relief may be granted and should be dismissed.

## THE AMENDED COMPLAINT STILL FAILS TO ALLEGE PLAINTIFF'S PROPERTY INTEREST IN THE ITEMS SEIZED

In the amended complaint, despite instruction from the Court to do so, Plaintiff does not allege that he owns any of the seized items or has any other type of property interest in the items. Instead, he merely alleges that he "regularly used the equipment seized from the broadcast studio room" at the Property on at least a weekly basis. DN 7, ¶ 6. Indeed, Plaintiff even admits that the radio show he produces has a "regular rotating cast" of hosts and commentators, all of whom would have access to and use the seized items. Plaintiff's request that undersigned counsel provide him with a detailed list of where in the Property the items were seized implies that Plaintiff does not know what, if any, of the seized items belong to him but, consistent with his original complaint, he wishes to gain possession of items he used regularly, rather than owns. Because he has not alleged an ownership interest in any of the seized items, the Court should deny Plaintiff's amended motion.

A Rule 41(g) motion must be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's

4

need for the property as evidence continues." *United States v. Uribe-Londono,* 238 F. App'x 628, 629-30 (1st Cir. 2007) (quoting *United States v. Pierre,* 484 F.3d 75, 87 (1st Cir. 2007) (internal citations, quotations and alterations omitted)). "Property will not be returned if a defendant is not entitled to possession …." *United States v. Hervis,* No. 06-CR-208-JD, 2010 WL 731028, at *1 (D.N.H. Feb. 23, 2010) (citing *United States v. Cardona-Sandoval,* 518 F.3d 13, 15 (1st Cir. 2008)).

Here, Plaintiff alleges, at most, that he was a regular user of some of the items seized from the Property. He also alleges, however, that a "regular rotating cast" of other individuals also had access to the items and presumably also used them on a regular basis, depending on the rotation schedule. *See* DN 7. These conclusory allegations, without more, do not establish Plaintiff's ownership interest in the seized items and are insufficient to entitle Plaintiff to an evidentiary hearing, so the Court should dismiss his amended complaint. *Clifford,* 297 F. Supp. 2d at 311; *see Dean,* 100 F.3d at 21; *Sanchez-Butriago,* No. 00 Civ. 8820(JFK), 89 CR. 644-2(JFK), 2003 WL 21649431, at *6 (S.D.N.Y. July 14, 2003) (dismissing motion for return of property without evidentiary hearing because plaintiff failed to demonstrate existence and his ownership of property and government demonstrated that it had not seized property); *see also Migely,* 596 F.2d at 513 (discussing failure in light of virtually identical standard for taking evidence under motion to suppress).

It has long been established that possession by a person is "prima facie evidence of some kind of rightful ownership or title." *Northern Pac. R.R. Co. v. Lewis,* 162 U.S. 366, 372 (1896). However, a movant is not entitled to the return of property under Rule 41(g) to which he cannot claim lawful possession. *See United States v. Van Cauwenberghe,* 827 F.2d 424, 433-34 (9th Cir. 1987). In this case, Plaintiff initially asserted in his original complaint that all of the

remaining items seized from the Property were used or owned by him.[1]  DN 1, ¶ 6.  The Court found that such an allegation was insufficient to determine what items Plaintiff sought to have returned and whether Plaintiff had any interest in those items.  DN 6.  In the amended complaint, Plaintiff still fails to establish the requisite ownership or possessory interest in the items seized.  Plaintiff alleges that he used the seized items on a weekly basis, along with a host of other individuals, to produce and broadcast a radio program.  Nowhere in the amended complaint does Plaintiff ever allege that he owned any of the items seized, or that he possessed the items beyond using them with several other people.  Additionally, Plaintiff does not allege any other type of interest in the seized items that might impute ownership to him.  He does not allege that he rented or leased the items from their owner, he does not allege the establishment of a bailment with regard to the items, he does not allege that he purchased the items in question, nor does he allege how his interest in the seized items would be superior to that of any of the host of other individuals who regularly used the items.  By Plaintiff's own logic, any of the other regular users of the seized items could come to this Court with a similar claim for return of the items.  Despite being given a second opportunity to do so, Plaintiff again fails to establish an ownership or possessory interest in any of the seized items.  He should not be allowed a third bite at the apple.  The amended complaint fails to state a plausible claim of entitlement to the seized items, and should therefore be dismissed.

## CONCLUSION

The Court should dismiss the amended complaint because it still does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

---

[1] Some of the seized items have previously been returned to another individual who conclusively proved his ownership of those items after filing a similar lawsuit.  *See Park v. Bailey,* No. 19-CV-991-LM (D.N.H.).

Respectfully submitted,

JOHN J. FARLEY
United States Attorney


By: /s/ Michael McCormack
Michael McCormack
Assistant U.S. Attorney, NH Bar No. 16470
United States Attorney's Office
53 Pleasant Street
Concord, NH 03301

Dated: February 3, 2022     michael.mccormack2@usdoj.gov

7