UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARK EDGINGTON, pro se, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 21-cv-00537-LM |
| ) | |
| SCOTT BAILEY (in his official capacity as ) | |
| Special Agent of the FBI), ) | |
| ) | |
| Defendant. ) | |
| _____) | |

DEFENDANT'S NOTICE OF ADVERSE CLAIM TO PROPERTY

On February 3, 2022, Defendant filed a motion to dismiss the amended complaint in this action, alleging *inter alia* that Plaintiff had failed to identify the items he seeks to have returned with any specificity and failed to allege his property interest in the items seized. Document Number (DN) 10. Plaintiff has not filed a timely response to the motion to dismiss.

On March 24, 2022, undersigned counsel was notified that, on March 19, 2022, a similar complaint was filed in this Court. *See Shire Free Church Monadnock & Ian Freeman v. Scott Bailey*, Case No. 1:22-cv-100, U.S.D.C., D.N.H. In that case, Plaintiffs seek return of **all items** seized by the Federal Bureau of Investigation ("FBI") during the execution of a search warrant at property located at 73 and 75 Leverett Street, Keene, New Hampshire, on March 20, 2016. The complaint further alleges that "the Church is and has been the owner of the Searched Premises and its contents." *Id.,* ¶ 16.

As the Court is aware, in the instant case, Plaintiff seeks return of certain as yet unidentified items that were seized by the FBI from the Leverett Street property. The recent filing of a separate case alleging ownership of all items seized by an alleged entity named *Shire*

*Free Church Monadnock* further calls into question Plaintiff Edgington's right to the return of any property seized by FBI.  As set forth in the motion to dismiss, and as further evidenced by the recent filing in the related case, Plaintiff Edgington is not entitled to the return of any seized items, as he has failed to establish that he is entitled to lawful possession of the seized property.  *See United States v. Uribe-Londono,* 238 F. App'x 628, 629-30 (1st Cir. 2007).

As set forth in the motion to dismiss, DN 10, the Court should dismiss the amended complaint in this case, as it still fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Respectfully submitted,

JOHN J. FARLEY
United States Attorney

By: /s/ Michael McCormack
Michael McCormack
Assistant U.S. Attorney, NH Bar No. 16470
United States Attorney's Office
53 Pleasant Street
Concord, NH  03301
(603) 225-1552

Dated:  March 25, 2022            michael.mccormack2@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on this 25th day of March, 2022, a copy of the foregoing Notice was served via first class, postage prepaid mail to pro se plaintiff Mark Edgington, 73 Leverett Street, Keene, NH   03431.

/s/ Michael T. McCormack

Michael T. McCormack, AUSA